IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KESHA TERRY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-3496-P-BK |
| | § | |
| ONCOR DELIVERY, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On September 26, 2014, Plaintiff filed a *pro se* Complaint, which was automatically referred to the Magistrate Judge.  *See* 28 U.S.C. § 636(b) and *Special Order 3*.  The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.  For the reasons that follow, this case should be summarily dismissed for lack of subject-matter jurisdiction.

**I. BACKGROUND**

Plaintiff filed this action against Oncor Delivery; Direct Energy; Diana Hallmark, an Oncor employee; Plaintiff's court-appointed pro bono counsel in *Terry v. Innocencio,* No. 3:11-CV-0660-K-BK (N.D. Tex.), Joe Dirik; and Leslie Hunt.  [Doc. 3 at 1].  Plaintiff asserts "fraud, conspiracy & racketeering" [Doc. 3 at 1, 3] in connection with the recent grant of summary judgment in favor of the Defendants in Case No. 3:11-CV-0660-K-BK.  *See Terry*, 2014 WL 4686570 (N.D. Tex. Sept. 2, 2014), *recommendation accepted*, 2014 WL 4704629 (N.D. Tex. Sept. 22, 2014).  She maintains Defendants prepared and submitted "false paper work and false evidence," which was intended to "cover [up] evidence."  [Doc. 3 at 1].  In particular, Plaintiff claims Defendant Hallmark "typed up a fake letter" (an affidavit which confirmed Plaintiff's electricity was turned off in January 2007 because of nonpayment of her electric bill) and

Defendant Dirik did not fight the false information, permitting it to remain in the case. [Doc. 3 at 1-2]. Plaintiff avers, "My attorney even told me if I didn't let Ms. Hallmark testify what she wrote up, that he would withdraw from being my attorney." [Doc. 3 at 2]. Plaintiff requests an investigation, restating her claims in the previous case that she and her children "were boarded up, illegally evicted, and averring that the Court[s] are just looking out for the defendants who harmed us." [Doc. 3 at 4]. On the Civil Cover Sheet Plaintiff demands $10,000,000 in damages.[1] [Doc. 3 at 9].

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Upon review of the relevant pleadings in the instant case, it is apparent that the Court lacks subject-matter jurisdiction over Plaintiff's claims.

Plaintiff fails to identify the source of the Court's jurisdiction in her Civil Cover Sheet, Doc. 3 at 9; nor has she alleged any facts in her Complaint that establish the Court's jurisdiction in this case.

*Lack of diversity jurisdiction*

Plaintiff has not plead the existence of facts establishing subject-matter jurisdiction on the basis of diversity, which requires complete diversity of citizenship. 28 U.S.C. § 1332; *see also*

---

[1] Contemporaneously with this action, Plaintiff filed a complaint against the "Dallas County Police Department," an entity that is not subject to suit, for alleged excessive use of force. *Terry v. Dallas County Police Department*, No. 3:14-CV-3495-B-BK (N.D. Tex.) (pending screening).

*Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).  Further, in the Civil Cover Sheet, Plaintiff confirms that she and the Defendants are all citizens of the State of Texas.  [Doc. 3 at 9].

*Lack of federal question jurisdiction*

Even under the most deferential review,[2] the Complaint does not present a federal question.  Plaintiff asserts vague claims of fraud, conspiracy, and racketeering, however, she does not refer to any federal statute or constitutional right, apart from a nebulous reference to 18 U.S.C. § 1961:

> 18 U.S. Code 1961 SECTION 2319 Relating to criminal infringement copy right.
>
> (7) 18 U.S. Code 1961 Meaning an Attorney or investigator so designated by the Attorney General enforcing, or carrying out a duty.
>
> (8) Racketeering means any inquiry conducted by any racketeering investigator for the purpose.
>
> (9) Document or materials such as a paper, document, are other material, etc.
>
> However, my Attorney, along with the other Attorney Leslie Hunt allowed fake evidence to go into my files. My attorney knew it was not accurate but still forced the evidence in my Civil Claim.

[Doc. 3 at 4].

Insofar as Plaintiff sues for "criminal infringement," federal criminal statutes do not create a private right of action.  For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone."  *Cort v. Ash*, 422 U.S. 66, 79 (1975); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that

---

[2] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers).

Congress intended to create one). Plaintiff has not even come close to meeting that burden. The same is true as to any attempt by Plaintiff to allege the criminal offenses of perjury or making a false statement. In addition, by the mere mention of racketeering, Plaintiff has not pled a civil claim under the Racketeer Influenced and Corrupt Organization Act (RICO), as she fails to allege any "pattern of racketeering activity" or even the presence of a RICO enterprise. *See* [Abraham v. Singh, 480 F.3d 351, 355 (5th Cir. 2007)](civil claims under [18 U.S.C. § 1962](#) must allege the existence of "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise"); [*St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009)](#) (a pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity).

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case." [*Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009)](#). Here, the facts as alleged by Plaintiff clearly establish a lack of complete diversity among the parties and no federal question jurisdiction. Moreover, even taking Plaintiff's factual allegations as true, her claims are fatally infirm. Thus, granting leave to amend would be futile and cause needless delay.

### IV. SANCTION WARNING

Plaintiff is no stranger to this Court. In addition to the recent grant of summary judgment against her in Case No. 3:11-CV-0660-K-BK, Judge O'Connor summarily dismissed Plaintiff's lawsuit against the Texas Workforce Commission as frivolous in Case No. 3:11-CV-1492-O-BD. [Dkt. 11, Dkt. 16, Dkt. 17]. Given Plaintiff's filing history, and the frivolous nature of the claims

asserted in this case, Plaintiff should be warned that if she persists in filing frivolous or baseless lawsuits, the Court may impose monetary sanctions and/or bar her from bringing any further action.  See FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys).  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986).  Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period."  *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir. 1989).

### V. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED without prejudice**, *sua sponte,* for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(h)(3).  It is further recommended that Plaintiff be **WARNED** that sanctions may be imposed if she persists in filing frivolous or baseless actions.

SIGNED October 8, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE