IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KESHA TERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 14-CV-3496-P |
| | ) | |
| **ONCOR DELIVERY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On October 8, 2014, the assigned Magistrate Judge issued Findings, Conclusions, and Recommendation ("FCR") in which she recommended that the Court dismiss this action without prejudice for lack of jurisdiction and warn Plaintiff that sanctions may be imposed should she persist in filing frivolous or baseless actions. Plaintiff timely objected to the FCR (doc. 9), moved for leave to amend her complaint (doc. 10), and filed a new complaint (doc. 8).

After reviewing all relevant matters of record in this case, including the issued FCR and the subsequent filings of Plaintiff, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court finds that the FCR is correct. It has conducted a de novo review and determination as to the issues to which Plaintiff has specifically objected. Having reviewed the remainder of the FCR for clear error, it is satisfied that there is no clear error on the face of the record. The Court hereby accepts the FCR as the Findings and Conclusions of the Court.

And as found by the Magistrate Judge, Plaintiff's alleged facts provide no basis for federal jurisdiction. Neither her new complaint nor her motion to amend provide a sufficient basis to find that federal jurisdiction exists in this case. Although a plaintiff properly invokes federal question

jurisdiction under 28 U.S.C. § 1331 by pleading a colorable federal claim, the courts may dismiss an action for lack of subject-matter jurisdiction when the purported federal claim "is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 & n.10 (2006) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). Courts properly dismiss an action for lack of subject-matter jurisdiction when the purported federal "claim is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and internal quotation marks omitted). A jurisdictional dismissal of a purported claim under the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO") is warranted when the "complaint totally fails to set forth a RICO claim." *Davison v. Grant Thornton LLP*, No. 14-3084, 2014 WL 4345947, at *2 (10th Cir. Sept. 3, 2014). The Magistrate Judge accurately noted that Plaintiff failed to allege any pattern of racketeering activity or even a RICO enterprise. Plaintiff has not corrected her pleading deficiencies in her proposed amended complaint. Given her factual allegations, Plaintiff's invocation of RICO is so insubstantial and frivolous so as to justify a jurisdictional dismissal. Accordingly, the Court **DENIES** the motion to amend as futile, **DISMISSES** this action without prejudice for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), and **WARNS** Plaintiff that the Court may impose sanctions, including monetary sanctions payable to the Court and filing restrictions, for filing a frivolous lawsuit or otherwise abusing the litigation process.

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), the Court hereby prospectively certifies that any appeal in this action would not be taken in good faith. In support of this certification, the Court adopts and incorporates by reference the Findings, Conclusions, and Recom-

mendation issued on October 8, 2014.  Based on that FCR, the Court finds that any appeal would present no legal points of arguable merit and would therefore be frivolous.  Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); Fed. R. App. P. 24(a)(5).

**SO ORDERED this 16th day of December, 2014.**

_____
**JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE**